UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA :

vs. : CR No. 00-122 S

TIMI WALLACE :

DEFENDANT'S OBJECTION TO
GOVERNMENT'S MOTION FOR UPWARD DEPARTURE

The defendant hereby objects to the Government's Motion for Upward Departure. The defendant incorporates by reference the attached Memorandum Of Law In Support Of Objection To Government's Motion For Upward Departure.

TIMI WALLACE,
By his attorney,

/s/ Edward C. Roy, Esquire
Assistant Federal Public Defender
10 Weybosset Street, Suite 300
Providence, RI 02903
(401) 528 - 4281
Edward_Roy@fd.org

CERTIFICATION

I hereby certify that I served a copy of the within on Lee Vilker, AUSA by way of ECF filing on February 26, 2007.

/s/ Edward C. Roy, Esquire

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA :

vs. : CR No. 00-122 S

TIMI WALLACE :

MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT'S OBJECTION TO
GOVERNMENT'S MOTION FOR UPWARD DEPARTURE

The defendant has objected to the Government's Motion for Upward Departure. This memorandum is filed to support the defendant's objections to the Government's Motion For Upward Departure.

1. Proportionality/Sentencing Disparity

The defendant first, and most vigorously, protests the three-headed departure motion filed in this case, on the grounds that the grounds pressed in the instant motion were not pressed as against his brother, Nickoyan Wallace. A different judge of this Court sentenced Nickoyan Wallace to a sentence of 204 months, or 17 years of imprisonment. A sentence of 300 months, or 50% greater than the sentence meted out to an equally-culpable co-defendant, is simply disproportionate.

The provisions of 18 U.S.C. § 3553(a)(6) direct a sentencing court to consider the " need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct" . In comparing Timi Wallace's case with that of his brother, Nickoyan Wallace, there is no doubt that the two co-defendants are not equally culpable. Timi Wallace has no criminal record at all. Nickoyan Wallace does have a record. Nickoyan Wallace took active steps to initiate the robbery.

Although the Government does not make a sentencing recommendation in its Memorandum In Support Of Motion For Upward Departure, the arguments offered by the Government seem to support a sentence in the range imposed by this Court at the first sentencing.

2. <u>Government's Position At Initial Sentencing</u>

At the first sentencing, the Government made none of the upward departure arguments made here on re-sentencing. In fact, at the first sentencing, the Government took the position that

> The Government believes a sentence in the middle of that range, 100 months, approximately, with the seven years added to that, if my calculations are correct, would serve the purposes as outlined under the Sentencing Reform Act as outlined under 18 U.S.C. 3553, which directs

> courts to look at issues like deterrence and the seriousness of the crime.
>
> Tr. 1/21/05 at 13-14.

After the District Court expressed "surprise" at the Government's decision to not seek an upward departure, the Government stated to the Court that it felt the guidelines-mandated sentence was sufficient

> And I believe I would direct that sentences within the guideline range are in virtually all cases reasonable. And I think the guidelines themselves account for much of the reprehensible nature of this defendant's conduct.
>
> Tr. 1/21/05 at 15.

Defense counsel brings these comments to the Court's attention to illustrate the dramatic difference in the position taken by the Government on re-sentencing. While the Government has filed an extensive memorandum, containing no particular sentencing recommendation, the position taken on re-sentencing is clearly directed at the imposition of a longer prison sentence. It is relevant that at the first sentencing, no similar arguments were made.

By taking a position aimed at a much longer sentence than that imposed on co-defendant, Nickoyan Wallace, the government has articulated arguments that will create an unwarranted sentencing disparity. Nowhere in the government's

memorandum filed in the Timi Wallace case is there any discussion of any principled reason why this defendant deserves a significantly harsher sentence than Nickoyan Wallace. Defense counsel obtained a copy of the sentencing memorandum filed by the Government in that case and there were no upward departure requests made. ( The Nickoyan Wallace Sentencing Memorandum is attached as Exhibit A). While the Government does address the possibility of 5K2.6 upward departure for use of a weapon or a dangerous instrumentality, no motion was filed.

3. U.S.S.G. § 5K2.6 Upward Departure

The defendant objects to the Government's proposed U.S.S.G. § 5K2.6 upward departure. The defendant objects to an upward departure based on the use of "Weapons and Dangerous Instrumentalities" because the weapons involved in the facts of this case are already accounted for by the guideline calculations for Counts 1 and 2. In addition, in view of the fact that Count 3 is a weapons charge, Count 3 already includes the conduct that would form the basis of a 5K2.6 upward departure.

3. U.S.S.G. § 5K2.7 Upward Departure

The Government advocates for an upward departure of an undetermined amount because it claims that government functions were disrupted by the

defendant being a fugitive for a significant period of time. Defense counsel questions whether the mere issuance of a warrant and a typical fugitive investigation qualifies for an "upward" departure. Further, the defendant's status as a fugitive is already calculated in his offense level for the firearms charge, Count 3. See PSR, at ¶ 23. The Government's reliance on the case of United States v. Moreno, 367 F. 3d 1 (1st Cir. 2004) is misplaced. In Moreno, the First Circuit held that the defendant's four year absence, in and of itself, did not warrant a 5K2.7 upward departure. 367 F. 3d, at 5. There are no facts cited by the Government which would differentiate this case from the typical case of a defendant who absents himself from trial.

There is no evidence of any expenses incurred by the Marshals Service in investigating Mr. Wallace's fugitive status. All of the witnesses were available for the trial. The passage of time did not dilute the government's ability to make its case against the defendant.

4. U.S.S.G. § 5K2.3 Extreme Psychological Injury

The government mentions, without arguing in the body of its motion, that both victims suffered extreme psychological injury, warranting an upward departure under U.S.S.G. § 5K2.3. While defense counsel would never minimize

the effect on a human being of being robbed at gunpoint, there simply is not enough evidence in this case to support an upward departure. The language of U.S.S.G. § 5K2.3 itself contemplates that extraordinarily severe psychological injuries serve the basis for an upward departure. The Court of Appeals came to the identical conclusion. United States v. Wallace, 461 F. 3d 15, 40 (1st Cir. 2006)

5. Extent Of Departure

While the Court of Appeals did find that there was record support for the "departures" made by this Court on the earlier sentencing, the extent of the departure was never addressed. The Court of Appeals specifically stated that it a) would not address the defendant's contention that the sentence was too long; and b) would not express an opinion on the appropriate sentence. Id., 461 F. 3d, at 45. Even if the Court does decide upwardly depart, the extent of the departure must be guided by the need to avoid any unwarranted disparity between Timi Wallace and his brother, Nickoyan.

6. Defense Counsel's Sentencing Recommendation

As the defendant contended above, the sentence imposed in this case must equate to that imposed by the Court on co-defendant, Nickoyan Wallace. The fact that the Government did not make argue for an upward departure in Nickoyan

Wallace's case is somewhat troubling. 18 U.S.C. § 3553(a)(6) evinces the strong public policy in consistency in sentencing. The difference between the sentence imposed on Nickoyan Wallace and that imposed initially on Timi Wallace is eight years. Most respectfully, defense counsel urges this Court to impose on Timi Wallace to the sentence recommended by the Government at the initial sentencing, 184 months. Tr. 1/21/05 at 13-14. The sentence would be 100 months on Counts I, II and III, with a consecutive 84 months on Count IV. The sentence that was recommended by the Government at the first sentencing hearing complies in all respects with 18 U.S.C. § 3553 and is roughly proportionate to the differerent, and somewhat less culpable role, played by Timi Wallace in the actual robbery. Nickoyan Wallace deserves a longer sentence because he was the "moving force" behind the robbery. Nickoyan first entered the gun store and occupied the clerk. Had Nickoyan not entered, Timi Wallace would not have begun his role.

TIMI WALLACE,
By his attorney,

/s/ Edward C. Roy, Esquire
Assistant Federal Public Defender
10 Weybosset Street, Suite 300
Providence, RI 02903
(401) 528 - 4281
Edward_Roy@fd.org

CERTIFICATION

I hereby certify that I served a copy of the within on Lee Vilker, AUSA by way of ECF filing on February 26, 2007.

/s/ Edward C. Roy, Esquire

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR. No. 00-0122-01L |
| | : | |
| NICKOYAN WALLACE | : | |

## GOVERNMENT'S SENTENCING MEMORANDUM

Now comes the United States of America, by and through its attorneys, Robert Clark Corrente, United States Attorney, and Stephanie S. Browne, Assistant United States Attorney, and hereby responds to the Court's request for a sentencing memorandum.

This Court asked the parties to address two questions: "(A)whether the Sentencing Guidelines will be mandatory or advisory as to Wallace's resentencing, in light of United States v. Booker, 543 U.S. 220 (2005); and (B) the extent to which the Court in resentencing Wallace, may impose a greater or lesser sentence than the sentence originally imposed." The short answer is that Booker applies and the Court may fashion a sentence up to and including the statutory maximum.

In light of United States v. Booker, 543 U.S. 220 (2005), the guidelines are no longer mandatory in terms of their application by District Courts. This is true even for a resentencing ordered as the result of granting a defendant's petition pursuant to § 2255 for non-Booker reasons. See Ferrara v. United States, 372 F.Supp.2d 108, 113 (D.Mass. 2005). However, Booker dictates that District Courts must consult the guidelines and must take them into account when sentencing. "[T]he guidelines remain part and parcel of the sentencing algorithm." United States v. Pho, 433 F.3d 53, 61 (1st Cir. 2006). Sentencing courts are to "consult [the] Guidelines and take them into account when sentencing." Booker, 543 U.S. at 264; see also 18 U.S.C. § 3553(a)(4). Compliance

with Booker necessitates that guidelines calculations be prepared by the United States Probation Officer. It also necessitates that the Court perform an analysis, in the appropriate case, as to whether a downward, or upward, departure is warranted. As was the case previous to the Booker decision, District Courts must also consider those factors set forth in 18 U.S.C. § 3553(a), including: the applicable guidelines range; the nature, seriousness and circumstances of the offense; the history and characteristics of the defendant; protection of the public; deterrence to criminal conduct; the need to promote respect for law and provide for just punishment; the needs of the defendant for educational training, vocational training, medical care and other correctional treatment; the need to avoid unwarranted disparities among similarly situated defendants; and restitution concerns.

In terms of a guidelines analysis, pre-Booker case law still applies. Whether the guidelines are mandatory or advisory, such case law interprets and explains the guidelines. Each guideline applies to a heartland of typical cases. United States v. Carrion-Cruz, 92 F.3d 5, 6 (1st Cir. 1996). A District Court has discretion to depart from the guideline range if the Court finds that there exists an "aggravating or mitigating circumstance of a kind, to a degree, not adequately taken into consideration" by the Sentencing Commission in formulating the guidelines. 18 U.S.C. § 3553(b). However, not every mitigating or aggravating circumstance warrants a departure. United States v. Bogdan, 284 F.3d 324, 327 (1st Cir. 2002); United States v. Vasquez, 279 F.3d 77, 80 (1st Cir. 2002), and the guidelines "place essentially no limit on the number of potential factors that may warrant a departure." Burns v. United States, 501 U.S. 129, 136-137 (1991).

The guidelines list several factors which are forbidden and cannot be used as grounds upon which to base a guidelines departure. Other factors are described as "encouraged" or

"discouraged." If an encouraged factor is present, the Court may base a guidelines departure decision on that factor if the applicable guideline has not already taken it into consideration. If a discouraged factor is present, or the encouraged factor has already been taken into account by the guideline, the Court may depart under the guidelines only if the factor is present to an exceptional degree or in some other way makes the case different from the ordinary case where the factor is present. If the particular factor is not mentioned in the guidelines, the Court must decide whether the factor is sufficient to take the case out of the heartland. A departure based on an unmentioned factor will be "highly infrequent." Koon v. United States, 518 U.S. 81, 96 (1996); United States v. Dethlefs, 123 F.3d 39 (1st Cir. 1997). However, post-Booker, "the fact '[t]hat a factor is discouraged or forbidden under the guidelines does not automatically make it irrelevant when a court is weighing the statutory factors apart from the guidelines.'" United States v. Aitoro, 446 F.3d 246, 255 n. 9 (1st Cir. 2006) (quoting United States v. Smith, 445 F.3d 1, 4 (1st Cir. 2006)). "Nevertheless, [the Jimenez-Beltre] decision did treat the guidelines as more than just 'one factor among many,' deemed them the proper starting point for post-Booker sentencing, and said that the proponent of a variance had to support it." United States v. Navedo-Concepción, No. 05-2301, slip op. at 5 (1st Cir. June 9, 2006) (quoting United States v. Jimenez-Beltre, 440 F.3d 514, 518-19 (1st Cir. 2006)).

The Supreme Court's decision in Booker caused a fundamental change in the law governing sentencing. That change now permits sentencing courts to consider sentences "which otherwise would have been impermissible" under the Sentencing Guidelines. United States v. Singletary, ___ F.3d ___, 2006WL2086023(C.A.2 (N.Y.)). Thus, as long as the Court follows the scheme set forth by the Supreme Court and the First Circuit in the decisions cited above and, as

Case 1:00-cr-00122-S-DLM Document 166 Filed 09/13/2006 Page 4 of 5

long as the sentence imposed is sufficient and reasonable, it may be equal to, less than, or greater than the sentence originally imposed. United States v. Wallace, __ F.3d __, 2006WL2336923 (C.A.1 (R.I.)) at p. 12.

The government notes that the Presentence Report (PSR) indicates that an upward departure pursuant to § 5K2.6 may be appropriate in this case. As the PSR stated in paragraph 78, the First Circuit upheld such an upward departure in the case of defendant's co-defendant, Timi Wallace. The First Circuit noted that § 5K2.6 provides for an upward departure if "a weapon or dangerous instrumentality was used or possessed in the commission of the offense" and that the extent of the departure "ordinarily should depend on the dangerousness of the weapon, the manner in which it was used, and the extent to which its use endangered others." Id. at p. 16.

As the Court no doubt recalls, Mr. DiBiasio testified that co-defendant Timi Wallace pointed the TEC-9, an assault weapon, at him during the robbery. This robbery took place during business hours on North Main Street, a busy street within the City of Providence. That no customer was in the store at the time of the robbery, and that no customer entered the store during the course of the robbery, was due to luck, not any planning on defendant's part. The use of such a weapon clearly falls within the ambit of § 5K2.6. Thus, the Court may consider whether an upward departure on that ground is warranted.

Once the Court determines an appropriate guideline range, after taking into account any grounds for upward or downward departures, it must then look to the factors of 18 U.S.C. § 3553(a) in order to determine a reasonable, appropriate sentence. If the Court determines that a non-guidelines sentence is appropriate, it must articulate the basis for that sentence. See United

States v. Thurston, 456 F.3d 211, 215 (1st Cir. 2006). There must be "a plausible explanation and a defensible overall result" in order for a sentence to be found reasonable. Id.

The Court should, at a minimum, consider an upward departure for defendant pursuant to § 5K2.6.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

/s/Stephanie S. Browne
STEPHANIE S. BROWNE
Assistant U. S. Attorney

CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of September, 2006, I caused the with Government's Sentencing Memorandum to be electronically filed with the United States District Court for the District of Rhode Island, using the CM/ECF System. The following participant has received notice electronically:

William C. Dimitri
William C. Dimitri & Associates
462 Broadway
Providence, RI 02909

/s/Stephanie S. Browne
Stephanie S. Browne
Assistant U.S. Attorney